■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE F. FRIEARY, JR., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Ingrassia, J.), rendered December 7, 1984, convicting him of driving while intoxicated as a felony (two counts), and driving without an inspection certificate, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's convictions of driving while intoxicated as a felony to convictions of driving while intoxicated as a misdemeanor, vacating the sentences imposed, and remitting the matter to the Supreme Court, Westchester County, for resentencing on those counts.

On September 9, 1982, the defendant was stopped by a police officer as he was driving erratically on Route 684 in the Town of Bedford, New York. The officer detected a strong odor of alcohol on the defendant's breath, and the defendant admit-

ted that he had been drinking that day. A breathalyzer test revealed a percentage by weight of alcohol in his blood of .14%. The defendant was charged with two counts of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [2], [3]), based upon a prior guilty plea to driving while intoxicated on June 24, 1980, in the Town Court of Elizabethtown, Essex County, New York, and one count of driving without an inspection certificate.

By order to show cause signed April 15, 1983 the defendant moved, *inter alia,* for dismissal of the indictment, or, in the alternative, for a hearing on the ground that the CPL 200.60 predicate misdemeanor conviction of driving while intoxicated was obtained in violation of his State and Federal constitutional rights. By order dated May 27, 1983, the court denied the latter branch of the defendant's motion, with leave to renew before the Trial Judge, pursuant to CPL 200.60 (3). The defendant did not renew this motion, and pleaded guilty to all counts of the indictment on October 22, 1984. The defendant was sentenced on December 7, 1984.

In the interim, however, the defendant moved pursuant to CPL 440.10 (1) (h) to set aside the Elizabethtown Town Court judgment on the ground that it had been obtained in violation of his constitutional rights. The Town Court denied the defendant's motion without a hearing. Thereafter on November 26, 1984, he moved in the County Court of Essex County for leave to appeal the denial of his motion to set aside his earlier conviction. By decision and order (one paper) dated September 10, 1986, the County Court "dismisse[d]" the action leading to the 1980 conviction "in the interest of justice".

On appeal the defendant contends that the vacatur of his prior conviction removes the predicate misdemeanor underpinning on which the instant felony convictions rest. We agree. Since an essential element of these aggravated charges no longer exists, the defendant must be deemed to have pleaded guilty to two misdemeanor counts of driving while intoxicated, and the matter should be remitted to the Supreme Court, Westchester County, for resentencing.

We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Rubin and Eiber, JJ., concur.