People v Perez (2025 NY Slip Op 05258)

People v Perez

2025 NY Slip Op 05258

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2024-05237

[*1]The People of the State of New York, respondent,
v
Gerson Luna Perez, appellant. (S.C.I. No. 72004/22.)

Matthew W. Brissenden, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Cristin N. Connell and Liora M. Ben-Sorek of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Caryn R. Fink, J.), rendered September 29, 2023, convicting him of driving while intoxicated as a felony, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by reducing the conviction of driving while intoxicated as a felony to driving while intoxicated as a misdemeanor and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for sentencing on the conviction of driving while intoxicated as a misdemeanor.
On October 31, 2022, the defendant pleaded guilty to driving while intoxicated as a felony based upon a prior conviction for driving while intoxicated in Suffolk County (hereinafter the Suffolk County conviction). Thereafter, the Appellate Term, Second Department, reversed the Suffolk County conviction and dismissed the accusatory instrument (see People v Luna, 83 Misc 3d 62 [App Term, 2d Dept, 9th & 10th Jud Dists]).
As the defendant contends and the People correctly concede, the defendant's instant felony conviction for driving while intoxicated must be reduced to a misdemeanor conviction because the predicate Suffolk County conviction was reversed (see People v Frieary, 144 AD2d 382, 382). Since an essential element of the aggravated charge no longer exists, the defendant must be deemed to have pleaded guilty to driving while intoxicated as a misdemeanor, and we remit the matter to the Supreme Court, Nassau County, for sentencing on the conviction of driving while intoxicated as a misdemeanor (see id.).
The defendant's remaining contention is without merit.
CONNOLLY, J.P., WOOTEN, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court